IN THE UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF ARKANSAS
JONESBORO DIVISION

JUSTIN ALLEN HAYNES                                                                          PLAINTIFF

v.                                       3:16CV00026-BSM-JJV

GREENE COUNTY DETENTION CENTER                                              DEFENDANT

**ORDER**

I.  **APPLICATION TO PROCEED WITHOUT PREPAYMENT OF FEES AND AFFIDAVIT**

Plaintiff, Justin Allen Haynes, is incarcerated at the Greene County Detention Center, and filed this action *pro se* pursuant to 42 U.S.C. § 1983. He also filed an Application to Proceed Without Prepayment of Fees and Affidavit ("Application") (Doc. No. 7). Plaintiff has made a proper showing required by 28 U.S.C. § 1915(a) and his Application is GRANTED.

Under the Prison Litigation Reform Act ("PLRA"), a prisoner who is permitted to file a civil action *in forma pauperis* still must pay the full statutory filing fee of $350.[1] 28 U.S.C. § 1915(b)(1). The only question is whether a prisoner will pay the entire filing fee at the initiation of the proceeding or in installments over a period of time. *Ashley v. Dilworth*, 147 F.3d 715, 716 (8th Cir. 1998). Even if a prisoner is without assets and unable to pay an initial filing fee, he will be allowed to proceed with his § 1983 claims, and the filing fee will be collected by the Court in installments from the prisoner's inmate trust account. 28 U.S.C. § 1915(b)(4). **If the prisoner's case is subsequently dismissed for any reason, including a determination that it is frivolous, malicious, fails to state a claim, or seeks monetary relief against a defendant who is immune from such**

---

[1] Effective May 1, 2013, the cost for filing a new civil case is $400. The increase is due to a new $50 administrative fee, which does not apply to persons granted *in forma pauperis* status under 28 U.S.C. § 1915.

1

**relief, the full amount of the $350 filing fee will be collected, and no portion of this filing fee will be refunded to the prisoner.**

Based on information contained in a certified copy of Plaintiff's Application and Calculation Sheet, the Court shall assess an initial partial filing fee of **$4.13**. If the prisoner's account does not contain the full amount assessed as an initial partial filing fee, his custodian shall withdraw from the account any portion of the initial filing fee available, even if the account balance is under $10.00. Regardless of the balance in the account, his custodian shall continue to withdraw funds until the initial partial filing fee has been paid in full.

Upon payment of the initial partial filing fee, Plaintiff will be obligated to make monthly payments in the amount of twenty percent (20%) of the preceding month's income credited to his prison trust account each time the amount in the account exceeds $10.00. Plaintiff's custodian is requested to send to the Clerk of the Court the initial partial filing fee, and thereafter the monthly payments from his prison trust account when the amount exceeds $10.00, until the statutory filing fee is paid in full. 28 U.S.C. § 1915(b)(2).

## II.   PLEADINGS

The Court is sensitive to the fact that *pro se* litigants like Plaintiff are not trained in the law and will give deference to a *pro se* plaintiff where the law requires. However, all parties, including *pro se* litigants, must comply with substantive and procedural law. *Brown v. Frey*, 806 F.2d 801, 804 (8th Cir. 1986). Accordingly, the Court will only consider claims properly pled in a complaint or in a superseding amended complaint. Additionally, the Court will not consider claims stated in notices or other pleadings not filed in compliance with the Federal Rules of Civil Procedure.

## III.  LOCAL RULE

Plaintiff must also comply with the Local Rules of the Court. Of particular note to *pro se*

plaintiffs is Rule 5.5(C)(2), which states:

> Parties appearing *pro se.* It is the duty of any party not represented by counsel to promptly notify the Clerk and the other parties to the proceedings of any change in his or her address, to monitor the progress of the case, and to prosecute or defend the action diligently. A party appearing for himself/herself shall sign his/her pleadings and state his/her address, zip code, and telephone number. If any communication from the Court to a *pro se* plaintiff is not responded to within thirty (30) days, the case may be dismissed without prejudice. Any party proceeding *pro se* shall be expected to be familiar with and follow the Federal Rules of Civil Procedure.

Loc. R. 5.5(C)(2).

**IV.     SERVICE**

Based on review of Plaintiff's Amended Complaint (Doc. No. 5), the Court concludes that service is appropriate for Roy Peters and Underwood. These individuals have not been added to the docket because Plaintiff failed to list them as parties on his complaint form. He does, however, allege misconduct against both in his Statement of Claim and these claims are sufficient for screening purposes. (*Id*. at 4.) The Clerk of Court shall add both Peters and Underwood as Defendants and service should be prepared for both.

**V.      CONCLUSION**

IT IS THEREFORE ORDERED that:

1.      Plaintiff's Application to Proceed Without Prepayment of Fees and Affidavit (Doc. No. 7) is GRANTED.

2.      Plaintiff's present custodian, his designee, or any future custodian shall collect from Plaintiff's institutional account an initial partial filing fee of **$4.13** and forward that amount to the Clerk of this Court.  The payment must be clearly identified by the name and number assigned to this action.

3.      Thereafter, Plaintiff's custodian or his designee, or any future custodian, shall collect from Plaintiff's institutional account the balance of the filing fee by collecting monthly payments

equal to 20% of the preceding month's income credited to Plaintiff's account each time the amount in the account exceeds $10.00, and forward the payments to the Clerk of the Court in accordance with 28 U.S.C. § 1915(b)(2), until a total of $350.00 has been collected and forwarded to the Clerk. The payments forwarded on Plaintiff's behalf shall be clearly identified by the name and number assigned to this action.

4. The Clerk of the Court shall send a copy of this Order to the Sheriff of Greene County by way of the Greene County Detention Facility, 1809 North Rocking Chair Road, Paragould, AR 72450.

5. The Clerk shall also add Roy Peters and Underwood to the docket as Defendants. Then, the Clerk shall prepare Summons for Defendants Peters and Underwood and the United States Marshal shall serve a copy of the Summons, Amended Complaint (Doc. No. 5), and this Order on them without prepayment of fees and costs or security therefore. Service for both Defendants should be through the Greene County Detention Facility, 1809 North Rocking Chair Road, Paragould, AR 72450.

DATED this 22nd day of February, 2016.

_____
JOE J. VOLPE
UNITED STATES MAGISTRATE JUDGE